# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:04-cr-150-003 |
| v. ) | |
| ) | Judge Collier/Steger |
| LOUIS LUMSDEN ) | |

## MEMORANDUM AND ORDER

LOUIS LUMSDEN ("Defendant") came before the Court for an initial appearance on September 4, 2020, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender under Supervision ("Petition") [Doc. 210].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wanted to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** Attorney Joe Austin to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA James Brooks explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and waived the preliminary hearing, but requested a detention hearing.

The detention hearing followed immediately. The Government relied upon the allegations in the Petition [Doc. 210]. The Petition includes a recitation of the violations of conditions of supervision committed by Defendant, *to wit*, Defendant must not commit another federal, state or local crime; Defendant shall not illegally possess a controlled substance; Defendant shall refrain from any unlawful use of a controlled substance; Defendant must answer truthfully the questions asked by the probation officer; Defendant must not communicate or interact with someone he knows is engaged in criminal activity; Defendant must follow the instructions of the probation officer related to the conditions of supervision; Defendant shall participate in a program of testing

1

and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as Defendant is released from the program by the probation officer.[1]

The Petition further sets forth a summary of facts. In summary, Defendant began his second term of supervised release on June 24, 2020. He tested positive for marijuana on July 6, 2020. During his drug test at CADAS on August 13, 2020, Paul Roddy, the male employee responsible for observing Defendant's drug test, believed that Defendant was falsifying the test by using a prosthetic device. On that occasion, the drug test yielded negative results. At the CADAS-administered drug test on August 20, 2020, Mr. Roddy again observed Defendant using what appeared to be a prosthetic device to falsify the drug test results. He confronted Defendant and demanded that he surrender the device. Defendant refused to comply with the request and left the facility without taking a legitimate drug test on that occasion. Defendant was instructed to report to the probation office on August 24, 2020, where he was administered a drug test by USPO Eppenger. Defendant tested positive for marijuana on that occasion. He explained that the positive test result was due to his last marijuana use which occurred on August 3 or 4.

At the hearing, USPO Eppenger pointed out that, if Defendant had used marijuana on August 3 or 4, he would have tested positive on the drug test administered by CADAS on August 13th given that there was enough left in his system to cause him to test positive on August 24th. So, Defendant either misrepresented to USPO Eppenger the date when he had last used marijuana prior to the August 24th test. Or, if he had, in fact, not used marijuana since August 3 or 4, he must have used a device to falsify the drug test results during the CADAS drug test on August 13, 2020, because he could not have had a clear drug screen on that occasion if he still had enough marijuana in his system to test positive at his drug test on August 24.

With respect to the detention hearing, the undersigned is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant violated the conditions of supervised release. Defendant argues that marijuana use—even if a violation of his conditions—does not make him dangerous or cause him to be a flight risk. But that argument misses the point. Because of his criminal history, the Court has imposed a variety of stringent conditions upon Defendant to keep him from violating the law. The fact that he is using marijuana, attempting to falsify his drug test results, and being untruthful with his Probation Officer suggests to the Court that Defendant is not willing to comply with the conditions of his supervision.

For the foregoing reasons, the Court finds that Defendant has not carried the burden of establishing by clear and convincing evidence that he does not pose a danger to any other person or to the community or that he is not a risk of flight. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

---

[1] Conditions summarized for the sake of brevity.

It is, therefore, **ORDERED** that:

1. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **GRANTED**.

2. Pending further order of the Court, the United States Marshal's Service shall transport Defendant to the revocation hearing before United States District Judge Curtis L. Collier on **November 4, 2020, at 2:00 p.m.**

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE